IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **YVONNE PINKNEY** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. WGC-12-2062 |
| | ) | |
| **PO THIGPEN,** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION & ORDER

On April 19, 2012 Plaintiff filed a complaint in the Circuit Court for Prince George's County, Maryland, asserting violations of the U.S. Constitution, the Maryland Constitution and tort claims stemming from an alleged assault, battery, false imprisonment and false arrest by Prince George's County Police Department police officers on April 19, 2009. *See* ECF No. 2. Defendants removed the action to this court on July 11, 2012. *See* ECF Nos. 1, 5. This court issued a Scheduling Order on November 13, 2013, *see* ECF No. 30, with discovery closing on March 28, 2014. At the request of the parties, discovery was extended an additional two months or until May 28, 2014. *See* ECF Nos. 31-32.

On June 3, 2014 counsel for Defendants filed a joint status report. Counsel for Defendants disclosed,

> On this week, Defendants will file a motion for sanctions due to the Plaintiff's failure to appear at her deposition properly noticed for May 8, 2014, as well as her failure to supply any written discovery responses. In that motion, Defendant[s] will request dismissal of the Plaintiff's claims as an appropriate sanction. On June 3, 2014 at approximately 11:49 a.m., Plaintiff's counsel represented that he will not oppose the motion for sanctions and requested relief.

1

ECF No. 33 at 1.  Defendants filed their motion for sanctions on June 16, 2014.  *See* ECF No. 35.  Plaintiff did not file response.

In the Order of July 25, 2014 this court granted Defendants' motion for sanctions.  *See* ECF No. 38.  The Order of June 26, 2014 (ECF No. 37), whereby the court extended the dispositive motions deadline to July 28, 2014, was vacated.  ECF No. 38 ¶ 9.  The court directed Plaintiff to serve Defendants with her answers to interrogatories and responses to requests for production of documents not later than August 12, 2014.  *Id.* ¶ 7.  By August 15, 2014 the court directed Defendants to notify the court whether they have received Plaintiff's discovery responses.  "If Plaintiff fails to serve discovery responses as ordered *supra*, the Court will dismiss this action and direct the Clerk of Court to close the case[.]" *Id.* ¶ 8.

On August 25, 2014 Defendants filed correspondence about Plaintiff's discovery failure.

> I am writing to inform you that Plaintiff has not supplied responses to Defendants' written discovery requests.  These requests were initially served upon the Plaintiff on November 14, 2013.  In accordance with your Order of July 25, 2014 [ECF #38], Defendants request that this matter now be dismissed.

ECF No. 39 (Letter from Whitted, Esq. to Judge Connelly of 8/25/14).  Plaintiff has not responded to this correspondence.  The court now considers Defendants' request.  No hearing is deemed necessary.  *See* Local Rule 105.6 (D. Md. 2014).

### STANDARD OF REVIEW

District courts have the authority to dismiss cases under Federal Rule of Civil Procedure ("Rule") 37(b)(2)(A) when a party fails to comply with a discovery order, as well as under Rules 37(d) and 41(b) as part of the courts' "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 62 (1991) (Kennedy, J., dissenting).  Rule 37(b) provides that the court may "dismiss[] the action or proceeding in

whole or in part" if a party "fails to obey an order to provide or permit discovery[.]" Fed. R. Civ. P. 37(b)(2)(A)(v).  Likewise, Rule 37(d) provides that the court may order sanctions, including dismissal, if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii), (d)(3).  Further, Rule 41(b) provides that the court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order[.]"

However, "[d]ismissal with prejudice is ordinarily reserved for the most egregious cases." *Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56, 59 (D. Md. 1998) (citing *Dove v. Codesco*, 569 F.2d 807, 810 (4th Cir. 1978), in which the court stated that dismissal with prejudice under Rule 41(b) was only for "clear record of delay or contumacious conduct by the plaintiff").  Indeed, "only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, [should] result in the extreme sanction of dismissal or judgment by default." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).  To that end, before ordering dismissal under Rule 37(b) or (d), the court applies a four factor test:  "'(1) whether the non-complying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective.'" *Bethesda Softworks LLC v. Interplay Entm't Corp.*, No. DKC-09-2357, 2011 WL 1559308, at *2 (D. Md. Apr. 25, 2011) (quoting *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001)); *see Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92.

Prior to dismissal under Rule 41(b), the court must consider four similar factors:  "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant;

(3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990).  "[T]he Court will combine its analysis of the question whether dismissal is appropriate under Rules 37(d) and 41(b)" because the legal standards for dismissal under both rules are "'virtually the same.'" *Taylor v. Fresh Fields Markets, Inc.*, No. Civ. A. 94-0055-C, 1996 WL 403787, at *2 (W.D. Va. June 27, 1996) (quoting *Carter v. Univ. of W. Va. Sys.*, 23 F.3d 400, 1994 WL 192031, at *2 (4th Cir. 1994)); *see, e.g., Tabor v. E.J. Patterson, Inc.,* No. Civ. A. 98-2438, 1999 WL 52144 (E.D. La. Jan. 28, 1999) (analyzing facts under Rules 37(d) and 41(b) together and dismissing without prejudice *pro se* plaintiff's claims where plaintiff twice failed to appear for his scheduled deposition).  The court also considers whether the party facing dismissal or a default judgment is aware of these possible sanctions. *See Green v. Chatillon & Sons*, 188 F.R.D. 422, 424 (M.D.N.C. 1998) (dismissing case with prejudice and noting that the plaintiff had "already been explicitly warned that her continued failure to provide discovery could lead to such a sanction"); *Sadler*, 178 F.R.D. at 59 (noting that "district courts must precede dismissal with an 'explicit and clear' threat to a party that failure to meet certain conditions could result in dismissal of the party's case with prejudice").

## ANALYSIS

Applying the four factor test to this case, regarding the first factor (Plaintiff's degree of personal responsibility or bad faith), the undersigned notes Plaintiff did not respond to Defendants' discovery requests or justify her failure to respond, even after the court directed Plaintiff to serve her discovery responses by *August 12, 2014*.  *See* ECF No. 38 at 2 (Order of July 25, 2014 ¶ 7).  Defendants propounded discovery on November 14, 2013; Plaintiff's answers and responses were due December 17, 2013.  The Order of July 25, 2014 was

electronically transmitted to Plaintiff's counsel of record via the court's CM/ECF system. "Failure to respond to interrogatories can merit dismissal or default." *Green*, 188 F.R.D. at 424 (citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976); *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983); *Daye v. Gen. Motors Corp.*, 172 F.R.D. 173, 179 (M.D.N.C. 1997)). Moreover, noncompliance with discovery orders supports a finding of bad faith. *Id.* In *Green*, the plaintiff demonstrated bad faith when she failed to comply with a magistrate judge's "order directing her to respond to [the defendant's] interrogatories and requests for documents[.]" *Id.* Similarly, in this case, Ms. Pinkney exhibited her bad faith by failing to comply with the Order of July 25, 2014.

Ms. Pinkney initiated this lawsuit. Her bad faith is further demonstrated by her failure to appear at her properly noticed deposition of May 8, 2014. Ms. Pinkney's conduct demonstrates a "pattern of indifference and disrespect to the authority of the court," *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93, and supports the conclusion that she acted in bad faith.

The second factor concerns the amount of prejudice the noncompliance caused the adversary. Considering that "[t]he purpose of pre-trial discovery is for a litigating attorney to obtain information from the opposing party, information which in many cases is not otherwise available," *Middlebrooks v. Sebelius*, Civ. No. PJM-04-2792, 2009 WL 2514111, at *3 (D. Md. Aug. 13, 2009), Defendants have suffered significant prejudice due to Plaintiff's refusal to respond to Defendants' discovery requests and her failure to appear at her properly noticed deposition. Without any discovery from Ms. Pinkney, Defendants are extremely prejudiced from obtaining information regarding Plaintiff's claims. This lack of information further hinders Defendants' preparation of their defense to Plaintiff's allegations. Defendants are, in essence, operating in the dark. Ms. Pinkney's noncompliance forced Defendants to file a motion for

sanctions. Despite that motion and an intervening order from the court, no progress or movement has occurred because of Ms. Pinkney's noncompliance. The second factor has been satisfied.

With regard to the third factor — Plaintiff's history of dilatoriness or noncompliance and the need to deter such behavior — the record is replete with Ms. Pinkney's instances of noncompliance and lack of cooperation. Ms. Pinkney failed to appear for her deposition and did not respond to Defendants' discovery requests. Further, she has chosen to ignore this court's order directing her to respond to Defendants' discovery requests. Conduct such as "stalling and ignoring direct orders of the court . . . must obviously be deterred." *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93. Deterring egregious acts of noncompliance should prevent future litigants from "flout[ing] other discovery orders of other district courts." *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976). This court's ability to manage this case effectively and fairly has been undermined by Ms. Pinkney's instances of noncompliance.

As for the fourth and final factor, *i.e.,* the effectiveness of lesser sanctions than dismissal, Plaintiff's unresponsiveness to date, despite good faith efforts by Defendants and this court's intervention, indicates a sanction lesser than dismissal would not be effective. *See Anderson v. Found. For Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 505 (4th Cir. 1998); *Middlebrooks*, 2009 WL 2514111, at *3.

In conclusion, Plaintiff has exhibited contumacious behavior toward Defendants and the court, warranting dismissal. *See* Fed. R. Civ. P. 37(b), 37(d) & 41(b). As previously outlined, Plaintiff failed to appear for her deposition, failed to respond to Defendants' discovery requests, failed to respond to Defendants' motion for sanctions and failed to comply with this court's July 25, 2014 Order. Plaintiff failed to explain why she did not respond, even though she had

multiple opportunities including, most recently, upon Defendants filing correspondence regarding Plaintiff's discovery failure.  *See* ECF No. 39.  For reasons unknown to the court, Plaintiff ceased to actively pursue her case.  Plaintiff's noncompliance has disrupted the judicial process and must be deterred.  Plaintiff's failure to comply with a court order and her failure to respond to Defendants' filings demonstrate no lesser measure other than a dismissal would be effective.  Further, this court warned Plaintiff explicitly in the July 25, 2014 Order that her case would be dismissed if she failed to serve her discovery responses by August 12, 2014.  *See Green*, 188 F.R.D. at 424; *Sadler*, 178 F.R.D. at 60.  Those discovery responses were originally due December 17, 2013.  Even with this warning, Plaintiff continues to be unresponsive and noncompliant.

## CONCLUSION

For the above reasons, the Court hereby DISMISSES all of Plaintiff's claims against the remaining Defendants[1] of record.  *See* Fed. R. Civ. P. 37(b), 37(d), 41(b).  The Clerk of Court is directed to CLOSE this case.

September 24, 2014     _____/s/_____
        Date                                                 William Connelly
                                                   United States Magistrate Judge

---

[1] PO Thigpen, CPL Blount, PFC Rapier and PO Stewart.